# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| RICHARD CARL WOOD,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　　Defendant. | CASE NO. 3:17-cv-05430-RJB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 28 U.S.C. §2412(D) |

THIS MATTER comes before the Court on Plaintiff's Motion for Attorney's Fees Under 28 U.S.C. §2412(d). The Court has considered the motion and the remainder of the file herein.

Plaintiff's motion raises the question of whether Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act (EAJA), and if so, what amount should be awarded.

**1. Whether Plaintiff is entitled to attorney's fees.**

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 28 U.S.C. §2412(D) - 1

the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The term "position of the United States" refers to the positions taken both by the Social Security Administration (SSA) in the underlying action and the government in this action. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010). The government has the burden to show that its position was substantially justified, which means "justified in . . . both law and fact." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (internal quotations omitted). The fact that the government did not prevail on the merits does not compel the conclusion that its position was not substantially justified, but "it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Meier*, 727 F.3d at 872 (extended citations omitted).

Plaintiff challenged the SSA non-disability decision by raising two primary issues: (1) the ALJ's rejection of two treating physicians, Drs. Khaleeq and Quinci, and (2) the ALJ's Step 5 finding that there are a significant number of jobs in the national economy. Dkt. 11 at 1. On the first issue, the Court finds that the ALJ's decision was substantially justified, although erroneous. *See discussion*, Dkt. 14 at 9-17. The Court finds that the second issue raises a position of the SSA that was not substantially justified. The SSA erred where both the ALJ (post-hearing) and the administrative appellate court disregarded Plaintiff's challenge to the Vocational Expert's methodology (and, ultimately, the conclusion) for determining the number of occupations in the national economy. The ALJ's methodology has facial flaws, made plain by the declaration of Dr. Amberly Ruck. *See discussion*, Dkt. 14 at 5:15-6:4; AR 525, 526, 556-558.

This is not the exceptional case where the subtle differences between the substantial evidence and substantial justification standards merit remand and reversal without awarding

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 28 U.S.C. §2412(D) - 2

attorney fees and costs. Instead, this Court's "holding that the agency's decision ... was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States' ... was not substantially justified[.]" *Meier*, 727 F.3d at 872. Defendant has also made no showing that there are special circumstances that render an EAJA award unjust. Accordingly, the Court should award Plaintiff attorney's fees and expenses.

**2. Amount to be awarded.**

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See id*. at 433, 436-37. Once the Court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Id*. at 429, 433 n.7. "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. at 433.

Plaintiff requests $4,624.42 in attorney's fees, $400 in costs, and an additional $117.57 in attorney's fees for preparation of this motion. Dkt. 19 at 3. Plaintiff billed 24.20 hours total for this case and charges an hourly rate of $195.95. *Id*.; Dkt. 17-1.

Defendant does not appear to challenge the reasonableness of the fees. *See* Dkt. 18.

Plaintiff's request for attorney's fees and expenses totaling $4,741.99 is reasonable and should be awarded.

\* \* \*

THEREFORE, Plaintiff's Motion for Attorney's Fees under 28 U.S.C. §2412 (Dkt. 17) is HEREBY GRANTED.

Plaintiff is awarded $4,341.99 in attorney's fees and $400 in costs pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010). Plaintiff's award is subject to any offset allowed pursuant to the Department of Treasury's Offset Program. *See id.* at 2528. The check for EAJA fees shall be mailed to plaintiff's counsel: Kevin Kerr, P.O. Box 14490, Portland, OR 97293.

It is so ordered.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 27th day of March, 2018.

ROBERT J. BRYAN
United States District Judge